**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| GREE, INC., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Case No. 2:19-cv-00310-JRG-RSP |
| § | |
| SUPERCELL OY, § | |
| § | |
| *Defendant*. § | |

**MEMORANDUM ORDER**

Before the Court is Plaintiff GREE, Inc.'s Motion for Leave to Amend Infringement Contentions Under P.R. 3-6. **Dkt. No. 88**. GREE's Motion seeks leave to amend the infringement contentions to accuse Clan Wars 2, a Clash Royale feature launched on August 31, 2020. *Id.* at 4.

**I.     BACKGROUND**

On January 28, 2020, GREE served its initial infringement contentions accusing Supercell's Clash Royale and other games of infringing the asserted patents. Dkt. No. 88-1 at 1. On August 3, 2020, GREE served its amended infringement contentions. *Id.* at 1–2.

August 31, 2020, Supercell launched a new Clash Royale feature called Clan Wars 2. *Id.* at 2. This feature "completely replac[ed] the current Clan Wars feature" of Clash Royale that GREE accuses of infringement. Dkt. No. 88 at 6. GREE asserts that Supercell did not provide any notice to GREE of this update, supplement any discovery response, or produce documents or source code as a result of this change. *Id.*

GREE states that "[a]fter independently discovering Clan Wars 2, GREE analyzed it, concluded that it infringed," and on September 30, 2020, "notified Supercell of its intent to amend its contentions." *Id.* at 2; Dkt. No. 88-8 at 2. GREE also requested the source code for the version

1

of Clash Royale released on August 31, 2020, and an executable version of Clash Royale from before the release of Clan Wars 2. Dkt. No. 88-8 at 2; Dkt. No. 99-4 at 6–7.

On October 1, 2020, counsel for Supercell asked GREE if they "would be amenable to a 30-day window for Supercell to amend invalidity contentions in response to your amended infringement contentions, and whether GREE will commit to providing amended infringement contentions . . . after receiving the requested code." Dkt. No. 99-4 at 5. Supercell also asked if GREE "is amenable to modifying the case schedule such that expert reports follow amended contentions." *Id.* On October 2, 2020, GREE's counsel responded, "GREE's amended infringement contentions are not because GREE wishes to add new theories of infringement, but to apply the same theories of infringement to new features . . . that were not present when GREE provided its previous amended infringement contentions." *Id.* at 4. GREE's counsel followed up stating "[w]e see no basis for Supercell amending its invalidity contentions in response nor any basis to change the current schedule." *Id.*

On October 7, counsel for Supercell sent an email to GREE stating that Supercell needed to see the amended infringement contentions to determine whether it would oppose. Dkt. No. 88-8 at 2. On October 8, counsel for GREE served its second amended infringement contentions. *Id.* at 2–3. GREE notes this is thirty-eight days after Clan Wars 2 was launched and during a jury trial between these parties in two earlier cases. Dkt. No. 88 at 2. The deadline to serve disclosures for expert witnesses by the party with the burden of proof was November 2, 2020, and the deadline for serving disclosures for rebuttal expert witnesses was November 24, 2020. Dkt. No. 92 at 4.

GREE's Motion was filed on October 19, 2020. *Id.* at 13. Supercell filed an unopposed motion for an extension of time to respond (Dkt. No. 97), which the Court granted (Dkt. No. 104), and briefing was completed with a sur-reply filed on November 19, 2020. The deadline to complete

fact discovery was October 28, 2020, and the deadline to file motions to compel discovery was October 30, 2020. Dkt. No. 94 at 1. The deadline to complete Expert Discovery was December 14, 2020. Dkt. No. 113 at 3.

GREE argues that it was diligent in investigating and seeking agreement to include the new features of Clan Wars 2 in this case. Dkt. No. 88 at 10. Supercell notes that it announced Clan Wars 2 on their YouTube channel on July 3, 2020. Dkt. No. 99 at 5. Supercell argues that GREE knew of and withheld its new infringement theories to prejudice Supercell. *Id.* at 4. Supercell asserts that when they requested reasonable relief to cure the prejudice caused by GREE's "tactical delay," GREE "flatly denied the request and refused to consider any alternatives." *Id.* Supercell claims they "proposed that GREE commit to a specific timeline for GREE to amend its infringement once it received Supercell's code and that Supercell would have 30 days to respond, followed by submission of expert reports." *Id.* at 6.

## II. LEGAL STANDARDS

A party may amend its infringement contentions after the deadline for good cause. P.R. 3-6. "'[G]ood cause' requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). The factors for consideration regarding granting leave to amend infringement contentions are:

> (1) the length of the delay and its potential impact on judicial proceedings; (2) the reason for the delay, including whether it was within the reasonable control of the movant; (3) whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent; (4) the importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the court's scheduling orders, local rules, and the federal rules of procedure; and (5) the danger of unfair prejudice to the nonmovant.

*Sycamore IP Holdings LLC v. AT&T Corp.*, Case No. 2:16-cv-00588-WCB, 2017 WL 4517953, at *3 (E.D. Tex. Oct. 10, 2017).

The Court has routinely held that a patentee has good cause to amend its infringement contentions to include newly accused products that the defendant introduced to the market after the plaintiff served its initial infringement contentions. *Polaris PowerLED Technologies, LLC v. Samsung*, Case No. 2:17-cv-715-JRG, Dkt. No. 285 (E.D. Tex. Apr. 24, 2019) (granting motion to amend P.R. 3-1 infringement contentions to add two new lines of accused products); *TiVo Inc., v. Verizon Commc'ns Inc.*, Case No. 2:09-cv-00257-JRG, 2012 WL 2036313 (E.D. Tex. June 6, 2012) (granting motion to amend infringement contentions to include new accused product first sold after plaintiff served its original infringement contentions); *SmartPhone Technologies LLC v. HTC Corp.*, Case No. 6:10-cv-580 LED–JDL, 2012 WL 1424173, at *3-4 (E.D. Tex. Mar. 16, 2012) (granting plaintiff leave to amend its infringement contentions to accuse seventeen products that were released after plaintiff served its original infringement contentions); *Mass Engineered Design, Inc. v. Ergotron, Inc.*, Case No. 2:06-cv-272, 2008 WL 1930299, at *3 (E.D. Tex. Apr. 30, 2008) (granting leave to amend infringement contentions to address new accused products where plaintiff showed good cause based on defendant's delay in providing discovery related to the new products and the defendant would not suffer prejudice).

### III.   ANALYSIS

#### A.   Diligence

GREE argues that it was diligent from the date it had access to Supercell's newly released feature, analyzing and notifying Supercell of its intent to amend contentions in thirty days, during which time the parties conducted a jury trial and GREE's counsel "had to spend several weeks" analyzing Clan Wars 2. Dkt. No. 88 at 9–10. GREE claims that Supercell had and continues to

have an obligation to produce the source code for any Supercell products or features that operate in a similar manner to those identified in GREE's infringement contentions under Federal Rule of Civil Procedure 26. *Id.* at 10 (citing *SIPCO, LLC v. Amazon.com, Inc.*, Case No. 2:08-cv-00359-JRG, 2009 WL 9051241, *4 (E.D. Tex. Dec. 8, 2009). GREE contends that it was "more than diligent in approaching Supercell to seek agreement to include new features of Clash Royale in this case." *Id.* (citing *Realtime Data LLC v. Packeteer, Inc.*, Case No. 6:08-cv-00144-, 2009 WL 2590101, at *4 (E.D. Tex. Aug. 18, 2009) (quoting *O2 Micro*, 467 F.3d at 1366) ("[A] plaintiff may require time to 'digest and marshal [the] evidence, develop the new theory, and then chronicle the complete theory in contentions.'").

Supercell argues that on July 31, 2020, Supercell published a blog post "describing and previewing the Clan Wars 2 features." Dkt. No. 99 at 10. Throughout its response, Supercell measures the "time to digest" from this date. *Id.* ("Any argument that it required two months to digest this information lacks merit."). Supercell argues that "the entire feature is shown and described on the Clash Royale blog in a total of 65 words and a single image." *Id.*

The Court is not convinced that the time to digest should be measured from a blog post, written by the opposing party, with "a total of 65 words and a single image." Supercell appears to argue that the simplicity of the feature means that it should have been analyzed quickly and that GREE sat on its analysis for a tactical delay. However, its lack of detail means that it is unreasonable to expect GREE to make a determination of infringement, particularly considering that the blog post is not independently verifiable until the feature launched. Accordingly, the Court finds that it is proper to consider GREE as not being capable of starting their analysis until August 31, 2020.

Supercell argues that the "Trader" feature at issue in GREE's amendment in the -310 case is a single interface that is available and refreshed daily. Dkt. No. 99 at 8. Supercell does not make this argument with respect to the "River Race" feature with respect to the -311 case. *See Id.* at 10. Even so, considering that this timeframe overlapped with a jury trial and that the parties have been litigating the -310 and -311 case in parallel, frequently filing the same motion in both cases at the same time—this very Motion included—the Court finds that GREE was diligent in its analysis and development of infringement contentions.

### B. Importance

GREE argues that Supercell knowingly modified the accused Clan Wars feature in Clash Royale and, despite having notice of GREE's infringement theories, launched Clan Wars 2 and the Trader feature without providing any notice to GREE, or supplementing its discovery responses and making the source code for this newly released feature available to GREE. Dkt. No. 88 at 11. GREE adds that if GREE's Motion is not granted, it will have to file another lawsuit to adjudicate the dispute regarding Clan Wars 2, and this cuts against judicial economy. *Id.*

Supercell argues that GREE's infringement theories are futile or insufficient. Dkt. No. 99 at 12. This argument is a noninfringement theory response to GREE's infringement theory. This does not change that GREE asserts that this is a similar feature to the already accused features.

For the sake of judicial economy, it would be very advantageous to include the amended infringement contentions to avoid another suit. If the newly accused Clan Wars 2 feature is similar to the Clan Wars feature already in dispute, it would be a significant waste of judicial resources to have another case on closely related issues. As such, this factor weighs significantly in favor of granting GREE's Motion.

### C. Prejudice

GREE argues that Supercell cannot show prejudice, and even if it can, any delay or prejudice is of Supercell's own making by taking two weeks to provide a stance on the amendment and refusing "until very recently" to provide the relevant and requested source code. Dkt. No. 88 at 11. GREE asserts that when it notified Supercell of its intent to amend, Supercell had more than three weeks to prepare its witnesses for depositions before the close of fact discovery, GREE had not taken most of those depositions at that time, and GREE provided its proposed amended contentions to Supercell on October 8, 2020. *Id.* at 12. GREE contends that the amended contentions will not impact claim construction or Supercell's invalidity contentions, that Supercell knew how Clan Wars 2 worked before the claim construction hearing, and that "the functionality of Supercell's newly released Clan Wars 2 and its Trader feature are nearly identical to the other accused features . . . ." *Id.*

Supercell argues that GREE is introducing four new infringement theories on the eve of expert reports, without providing Supercell an opportunity to address the new theories through invalidity contentions or claim construction. Dkt. No. 99 at 13. Supercell raises that "[t]his Court has recognized the importance of providing notice of infringement theories early in the case so that parties can set a clear course and make strategic decisions through claim construction and fact discovery . . . ." *Id.*

The Court recognizes that granting GREE's Motion, absent any relief, may prejudice Supercell. The Court also recognizes that Supercell, as the developer of the Clan Wars 2 feature, knew how Clan Wars 2 worked before the claim construction hearing, and would possess most, if not all, relevant discovery. The Court finds that granting GREE's Motion may prejudice Supercell, but that this prejudice is minimal.

### D. Availability of Cure

Neither party discusses this factor with any specificity. But this issue is not determinative under the current facts.

### IV. CONCLUSION

Considering all the factors together, GREE has effectively shown good cause as a result of its notable diligence. Furthermore, the significant interest in judicial economy from granting GREE's Motion outweighs any prejudice that has been articulated.

Accordingly, the Court **GRANTS** GREE's Motion. It is therefore **ORDERED** that GREE has leave to serve the Second Amended Infringement Contentions. If Supercell has good cause for amending invalidity contentions or its invalidity expert report, it is directed to meet and confer without delay and seek leave of Court promptly.

**SIGNED this 17th day of December, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE