# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| GREE, INC., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Case No. 2:19-cv-00310-JRG-RSP |
| § | |
| SUPERCELL OY, § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM ORDER

Before the Court is Defendant Supercell Oy's Motion to Strike Plaintiff GREE, Inc.'s Technical Expert, Dr. Robert Akl, for Improper Claim Construction. **Dkt. No. 115**. Supercell's Motion seeks to strike opinions of Dr. Akl that allegedly rely upon an improper claim construction of "character."

### I.     BACKGROUND

On October 13, 2020, the Court issued a Claim Construction Order construing disputed claim terms of U.S. Patent No. 10,076,708 (the "'708 patent") and No. 10,413,832 (the "'832 patent"). Dkt. No. 84. At issue in the present motion is the Court's construction of "character" as meaning "symbol." *See Id.* at 19. The Court noted in the Claim Construction Order that "the patents provide 'character' as an alternative to 'patterns' and 'colors' to denote the rarity of an item." *Id.* at 18. The Court also pointed to the '708 Patent's specification at col.9 ll.16–67 and the '708 Patent's File Wrapper April 26, 2018 Amendment to discuss the distinction between "pattern" and "character." *Id.* The ''708 Patent specification provides:

> FIG. 7(a) illustrates an example of acquirable item information presented by the information presentation unit 12 in Embodiment 2. … Items are associated with the boxes 201 to 219 so that the respective counts of necessary acquisition attempts are 1 to 19. Each

> box is displayed with a pattern that differs in accordance with the item type of the corresponding item.
>
> As illustrated in the example in FIG. 7(a), when the numerical value of the item type is at least a predetermined value, the pattern shown in box 204 and the like is displayed. …
>
> The *patterns* for displaying the boxes 201 to 219 are *not limited* to these examples. The boxes 201 to 219 *may be painted a predetermined color* in accordance with the item type, or a *predetermined icon, character, or the like* may be displayed in the boxes 201 to 219.

'708 Patent col. 9 ll.16–67. The '708 Patent File Wrapper provides:

> The claims are further amended to recite the feature of "at least one of the cells including a character which indicates a rarity value of an item associated with the at least one of the cells." This feature may be understood with reference to the publication of this application, with paragraph [0089] disclosing that each cell may have a *"character" in lieu of the "pattern"* in accordance with the "item type" as in paragraph [0087], and paragraph [0040] describing the "item type" as representing the rarity value."

Dkt. No. 65-3 at 5. The Court found that "[o]n balance, the term 'symbol' adequately captures the distinction between 'character' and the *other forms* described in the patent for denoting the rarity attribute of an item."

## II. LEGAL STANDARDS

Federal Rule of Evidence 702 permits expert witness testimony if:

> "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

Fed. R. Evid. 702. The district court "ensur[es] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 579-80 (1993). Relevance is a low bar. Evidence is relevant if: (a) it has any tendency to make a

fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401.

Regarding reliability, part of that inquiry is whether the data utilized in the methodology is sufficiently tied to the facts of the case. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999). The burden is on the party offering the expert testimony to establish admissibility by a preponderance of the evidence. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (*en banc*).

However, "the question of whether the expert is credible or the opinion is correct is generally a question for the fact finder, not the court." *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1296 (Fed. Cir. 2015), citing *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1314 (Fed. Cir. 2014), overruled on other grounds by *Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015) (*en banc*). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

### III.   ANALYSIS

Supercell argues that Dr. Akl's expert report in paragraphs 86 and 147 concerning element 1-B of the '708 Patent and element 3 of the '832 Patent ignores the Court's construction of the term character by "improperly draft[ing] the Court's construction from the noun 'symbol' to the adjective 'symbolic.'" Dkt. No. 115 at 5. Supercell asks the Court to "strike Dr. Akl's argument that '[t]he visual depiction of the shapes and colors of the borders of the cards in Clash Royale . . . is symbolic of the relative rarity of those cards." *Id.* (citing Dkt. No. 115-2 at ¶¶ 86, 147).

Supercell asserts that "equating the 'colors of the borders of the cards in Clash Royale' as a 'character' "runs afoul of the Court's claim construction order." The paragraphs in question provide:

> The visual depiction of the shapes and colors of the borders of the cards in Clash Royale, as explained above, is symbolic of the relative rarity of those cards, and the additional textual display of the card's rarity in the Clash Royale is another example of a character to indicate rarity.

Dkt. No. 115-2 at ¶¶ 86, 147. Supercell takes issue with the use of the term "symbolic" instead of "symbol," and claims that Dr. Akl is arguing that the colors of the borders alone—omitting "the shapes and" immediately prior to "colors of the borders"—are characters. Dkt. No. 115 at 6.

Supercell then points to Dr. Akl's deposition where he states that "a visual depiction of shapes and colors of the borders of the card is symbolic of the relative rarity of the card, and that meets the Court's construction of pattern, which means symbol -- of character, sorry -- which means symbol." *Id.* (citing Dkt. No. 115-ExB at 190:3-8). Supercell argues that "Dr. Akl's opinion that the 'colors of the borders of the cards in Clash Royale' are indicative of a 'character' is contrary to the Court's claim construction order." *Id.* The Court disagrees.

Supercell disputes the use of the word "symbolic" instead of "symbol," an adjective and noun version of the same concept, while not fully presenting Dr. Akl's opinion. Regarding the assertion that Dr. Akl is arguing that the color of the borders alone is a character, Supercell leaves out the actual subject of the incompletely quoted sentence, which is clearly "[t]he visual depiction," modified by "of the shapes and colors of the borders of the cards."

The Court reads Dr. Akl's opinion as asserting that "the visual depiction of the shapes and colors of the borders of the cards," in its entirety, falls within the court's construction of character as "symbol" in the same way that the visual depiction of a red equilateral triangle with one of its

edges aligned horizontally and one corner pointed downward with a smaller and similar white triangle oriented similarly collectively forms a symbol to yield right-of-way in a driving context.

## IV. CONCLUSION

After due consideration, the Court **DENIES** Supercell's Motion.

**SIGNED this 23rd day of January, 2021.**

                                              ROY S. PAYNE
                                              UNITED STATES MAGISTRATE JUDGE