**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| GREE, INC., § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> SUPERCELL OY, § <br> § <br> *Defendant*. § | Case No. 2:19-cv-00310-JRG-RSP <br> Case No. 2:19-cv-00311-JRG-RSP |

**MEMORANDUM ORDER**

Before the Court are two motions filed by Defendant Supercell Oy. The first is Supercell's Opposed Motion for Leave to Supplement its Non-Infringement Expert Report ("Motion re Non-Infringement").[1] The second is Supercell's Opposed Motion for Leave to Amend Invalidity Contentions and Expert Reports ("Motion re Invalidity").[2]

## I.   BACKGROUND

Supercell's Motion re Non-Infringement seeks to supplement its non-infringement expert reports with the brief Supplemental Expert Report of Stacy Friedman dated and served January 8, 2021 ("New Friedman Report"), which regards non-infringement theories. *See* -310 Case, Dkt. No. 165-2. Supercell's Motion re Invalidity seeks to supplement its invalidity contentions and expert reports with the Supplemental Rebuttal Expert Report of Jose Zagal Regarding GREE's Amended Infringement Contentions dated and served January 13, 2021, ("New Zagal Report"), which addresses both non-infringement and invalidity theories, and the Amended Invalidity Contentions dated and served January 13, 2021 ("New Invalidity Contentions"). *See* -311 Case, Dkt. No. 168-5 and Dkt. No. 168-8.

---

[1] Case No. 2:19-cv-00310-JRG-RSP (the "-310 Case") Dkt. No. 165
[2] Case No. 2:19-cv-00311-JRG-RSP (the "-311 Case") Dkt. No. 168

Both motions regard Supercell's response to Plaintiff GREE, Inc.'s Amended Infringement Contentions served October 8, 2020. *See* -311 Case, Dkt. No. 90-12 and Dkt. No. 90-13. The Court granted GREE leave to amend the infringement contentions to accuse Clan Wars 2, a Clash Royale feature which launched on August 31, 2020. -310 Case, Dkt. No. 127; -311 Case, Dkt. No. 135 at 1. GREE asserts that Supercell did not provide any notice to GREE of this update, supplement any discovery response, or produce documents or source code as a result of this change. -311 Case, Dkt. No. 127 at 1. GREE stated that it independently discovered Clan Wars 2 and on September 30, 2020, "notified Supercell of its intent to amend its contentions. *Id.*

On October 1, 2020, counsel for Supercell asked GREE if it "would be amenable to a 30-day window for Supercell to amend invalidity contentions in response to your amended infringement contentions, and whether GREE will commit to providing amended infringement contentions . . . after receiving the requested code." *Id.* at 2. Supercell also asked if GREE "is amenable to modifying the case schedule such that expert reports follow amended contentions." *Id.* On October 2, 2020, GREE's counsel responded, "GREE's amended infringement contentions are not because GREE wishes to add new theories of infringement, but to apply the same theories of infringement to new features . . . that were not present when GREE provided its previous amended infringement contentions." *Id.* GREE's counsel followed up stating "[w]e see no basis for Supercell amending its invalidity contentions in response nor any basis to change the current schedule." *Id.*

On October 7, counsel for Supercell sent an email to GREE stating that Supercell needed to see the amended infringement contentions to determine whether it would oppose. *Id.* On October 8, counsel for GREE served its second amended infringement contentions. *Id.* GREE notes this is thirty-eight days after Clan Wars 2 was launched and during a jury trial between these parties in

two earlier cases. *Id.* The deadline to serve disclosures for expert witnesses by the party with the burden of proof was November 2, 2020, and the deadline for serving disclosures for rebuttal expert witnesses was November 24, 2020. Dkt. No. 94 at 4. *Id.*

On December 17, 2020, the Court granted GREE's Motion for Leave to Amend Infringement Contentions Under P.R. 3-6 in the -310 Case. -310 Case, Dkt. No. 127; *see* -310 Case, Dkt. No. 88. On December 28, 2020, the Court granted GREE's Motion for Leave to Amend Infringement Contentions Under P.R. 3-6. -311 Case, Dkt. No. 135 at 1; *see* -311 Case, Dkt. No. 90.

On December 22, 2020, Supercell contacted GREE asking to meet and confer on Supercell's intention to seek leave to amend its invalidity contentions and invalidity expert report in the -311 case and that it intended to supplement its non-infringement expert reports in both the -310 and -311 cases. -310 Case, Dkt. No. 165 at 5. On December 29, 2020, counsel for GREE responded to Supercell's request to meet and confer. -311 Case, Dkt. No. 168 at 6–7. On January 4, 2021, the parties met and conferred regarding the Motion re Non-Infringement and Motion re Invalidity. *Id.* at 7.

On January 8, 2021, Supercell served the New Friedman Report. -310 Case, Dkt. No. 165 at 6. On January 13, 2021, Supercell served the New Invalidity Contentions and New Zagal Report. -311 Case, Dkt. No. 168 at 7.

## II.  LEGAL STANDARDS

Leave to amend invalidity contentions "may be made only by order of the court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). "[G]ood cause" "requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006).  The Court weighs multiple factors in determining good cause including but not

limited to (1) the length of the delay and its potential impact on judicial proceedings; (2) the reason for the delay, (2) diligence in seeking an extension of time after an alleged need to disclose the new matter became apparent; (4) the importance of the particular matter; and (5) the danger of unfair prejudice to the non-movant. *Evicam Int'l, Inc. v. Enf't Video, LLC*, No. 4:16-CV-00105-ALM, Dkt. No. 60, 2016 WL 6600605, at *1 (E.D. Tex. Nov. 8, 2016) (citations omitted).

Factors to determine whether a motion for leave to supplement an expert report should be granted include "(1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony." *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-cv-109-RAS, Dkt. No. 444, 2009 WL 413081, at *1–*2 (E.D. Tex. Feb. 18, 2009).

### III.   ANALYSIS

Supercell argues that it should be "permitted not only to rebut GREE's infringement theories, but also to assert prior art that is now encompassed by GREE's amended contentions expanding the scope of the patent claims." -311 Case, Dkt. No. 168 at 4. Supercell contends that it would be "severely prejudiced" if not permitted to address GREE's new infringement theories. *Id.* Supercell notes that GREE refused to agree to a "30-day window for Supercell to amend invalidity contentions in response to [GREE's] amended infringement contentions." *Id.* at 4–5 (citing -311 Case, Dkt. No. 135 at 2 (citing -311 Case, Dkt. No. 90-8 at 2)).

Supercell contends that "GREE implored the Court to grant its Motion so that it would not need to file another lawsuit . . . . [h]ad GREE brought such a separate case, Supercell would have been afforded the opportunity to . . . assert Clash of Clans as prior art." *Id.* at 5 (citing -311 Case, Dkt. No. 135).

GREE argues that Supercell is seeking leave to rely on, for the first time, one of its own accused games—Clash of Clans—as prior art to the asserted patents, a game GREE accused at the outset of this case. -311 Case, Dkt. No. 186 at 4. GREE contends that Supercell is pointing to GREE's amended infringement contentions regarding Clan Wars 2 in a different accused game, Clash Royale, as "an attempt to excuse this delayed identification." *Id.* GREE asserts that Supercell received those contentions on October 8, 2020, more than three months before it sought leave to amend its invalidity contentions. *Id.*

GREE further contends that "GREE's amended contentions set forth its same infringement theories as before with respect to the newly-introduced Clan Wars 2 feature in Clash Royale, and thus neither require nor permit any amendment of Supercell's invalidity contentions to add Clash of Clans." *Id.* GREE argues that it was timely in seeking to amend its infringement contentions in light of Clan Wars 2 after Supercell did not update discovery or otherwise alert GREE while Supercell could have addressed GREE's infringement theories in its November 24, 2020 rebuttal expert report.-310 Case, Dkt. No. 182 at 4.

### A. Importance

Supercell argues that its non-infringement supplementation is critically important since, at the time the parties served expert reports, GREE's contentions regarding Clan Wars 2 were not part of this case. -310 Case, Dkt. No. 165 at 6. Supercell contends that since GREE was granted leave to amend its contentions, Supercell should be able to rebut those contentions. *Id.* Supercell continues, stating that "[i]t should come as no surprise that Supercell intended to put forth a non-infringement defense . . . Supercell has pursued a non-infringement defense for the other features GREE originally accused, and GREE itself represented it was "apply[ing] the same theories of infringement" to Clan Wars 2. *Id.* (citing -310 Case, Dkt. No. 127 at 2.)

Meanwhile, Supercell argues that "GREE's infringement contentions regarding Clan Wars 2 expand the scope of the patent limitations." -311 Case, Dkt. No. 168 at 7. As an example, Supercell says the asserted claims require "'determining whether all of the game pieces required to obtain said game item have been provided to the first group . . . ' and 'allocating in a memory, the game item . . . when it is determined that all the required game pieces have been provided.'" *Id.* at 7–8. Supercell contends that GREE now argues "a feature infringes these elements when a game item is provided to a group for placing or ranking in a race or other competition against other groups." *Id.* at 8. GREE counters that "[t]he Second Amended Contentions simply apply the same theories of infringement originally disclosed by GREE to the new Clan Wars 2 feature in Clash Royale." -311 Case, Dkt. No. 186 at 12.

GREE responds that Supercell asserts that a supplemental report is unquestionably important to its defense, yet in opposing GREE's motion for leave "alleged that GREE's infringement theories were 'futile' and 'insufficient' suggesting that they 'expressly contravene the Claim Construction Order' and are 'facially deficient.'" -310 Case, Dkt. No. 182 at 8 (citing -310 Case, Dkt. No. 99 at 9). GREE argues this means Supercell "not only had GREE's full infringement theories since early October, but had developed its non-infringement positions at least as early as November 4, when it filed its opposition." *Id.*

The Court granted GREE's motions to amend their infringement contentions to include newly accused products that Supercell introduced to the market after GREE served its infringement contentions. -311 Case, Dkt. No. 135. The Court found that GREE was diligent, granting the motions would firmly support judicial economy and there would be minimal prejudice to Supercell. *Id.* at 4–7. This does not change, however, the reality that granting GREE's motions let them add a new feature to their infringement contentions late in the case.

6

The Court finds that it is very important that Supercell be granted a reasonable means to defend against GREE's infringement contentions here. The Court notes that the New Friedman Report regards solely non-infringement defenses in the -310 Case and that the New Zagal Report regards both non-infringement and invalidity defenses in the -311 Case.

### B. Length of Delay & Explanation for Untimeliness

Supercell argues that it was diligent in pursuing these supplements in response to the Court granting GREE its supplements. On December 17, 2020, the Court granted GREE's Motion for Leave to Amend Infringement Contentions Under P.R. 3-6 in the -310 Case. -310 Case, Dkt. No. 127; *see* -310 Case, Dkt. No. 88. On December 28, 2020, the Court granted GREE's Motion for Leave to Amend Infringement Contentions Under P.R. 3-6. -311 Case, Dkt. No. 135 at 1; *see* -311 Case, Dkt. No. 90. Supercell asserts that "[o]nce Clan Wars 2 became part of the case, Supercell promptly requested a meet and confer . . . ." -311 Case, Dkt. No. 168 at 15.

Supercell contends that the date the Court granted GREE's motions, and accordingly when their amended infringement contentions entered the case, is when the Court should consider as starting the clock on their diligence. Supercell argues it could not have rebutted GREE's infringement theory during fact or expert discovery because Clan Wars 2 was not part of the case at the time and asserts "the practice between the parties has been to not address disputed contentions until the Court's decision regarding whether such contentions are part of the case." -311 Case, Dkt. No. 168 at 15.

GREE argues that it served the Akl Opening Report detailing infringement by Clan Wars 2 on November 2, 2020 and that "Supercell thus had a duty to address Dr. Akl's opinions in Supercell's rebuttal reports served on November 24, 2020" and points to Federal Rule of Civil Procedure 16(a)(2)(D): "Absent a stipulation or a court order, the disclosures must be made … if

7

the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." -311 Case, Dkt. No. 186 at 16 (citing Fed. R. Civ. P. 26(a)(2)(D)).

GREE counters that Supercell's argument that it could not have rebutted GREE's infringement theory during fact or expert discovery "elevates form over substance" as Supercell had all of Dr. Akl's opinions regarding Clan Wars 2 well before it served its rebuttal report on November 24, 2020. *Id.* at 17. GREE further contends that "by at least October 19, 2020, Supercell had apparently developed its internal position that Clan Wars 2 did not infringe" because Supercell supplemented its interrogatory responses to state that Clan Wars 2 was a non-infringing alternative. *Id.* at 17 (citing -311 Case, Dkt. No. 186-4 at 7).

GREE responds that with respect to Supercell's assertion of "the practice between the parties," "there is no such practice." *Id.* (citing -311 Case, Dkt. No. 168). GREE continues, "Supercell must now live with the consequences of its tactical decision to not have Dr. Zagal rebut Dr. Akl's opinions regarding Clan Wars 2 during discovery . . . ." *Id.* at 17–18.

The Court is not convinced by GREE's argument that just because by October 19, 2020 Supercell amended an interrogatory response to state that Clan Wars 2 was a non-infringing alternative Supercell had a fully developed expert and contention response to GREE's amended infringement contentions, which were served to Supercell on October 8, 2020. Supercell's untimeliness is ultimately a function of the fact that Clan Wars 2 was not part of the case until GREE received leave from the Court to add it.

Immediately after GREE's motions were granted, Supercell sought to meet and confer regarding its possible responsive supplements. Supercell then served its supplemental expert report and amended contentions just over a week following the parties' meet and confer. -311

8

Case, Dkt. No. 168 at 15. The delay was only because Clan Wars 2 was not part of the case. Accordingly, the Court finds that Supercell did not delay unduly and had good reason to not serve a supplement at the time.

### C. Prejudice

Supercell argues that "GREE cannot credibly claim prejudice from Supercell's supplemental expert reports and amended invalidity contentions." -311 Case, Dkt. No. 168 at 15. Supercell points out that Supercell approached GREE, following the Court's order granting GREE leave to amend GREE's infringement contentions, and served Supercell's supplemental expert report and amended invalidity contentions just after the meet and confer. *Id.* at 15–16.

Supercell further notes that "GREE sought to amend its infringement contentions, yet at the same time refused to allow Supercell to amend its invalidity contentions as needed in response to those contentions, thereby forcing Supercell to oppose GREE's request to amend." *Id.* at 16. Supercell continues, "[h]ad GREE agreed to Supercell's reasonable request, then Supercell would have been able to address GREE's infringement contentions against Clan Wars 2 and amend its invalidity contentions well before the close of expert discovery." *Id.* Supercell ultimately contends that GREE caused the delay in Clan Wars 2 becoming part of this case by refusing Supercell's request. *Id.*

Finally, Supercell argues that "GREE is already abundantly familiar with the single prior art game that Supercell seeks to add to its invalidity contentions, Clash of Clans" as GREE has accused it as infringing in multiple cases between the parties, Supercell has asserted it as prior art in multiple cases, and GREE has had the source code for the prior art version since November 4, 2019 and an executable of the prior art version since April 20, 2020. *Id.*

GREE responds that Supercell's claim that GREE will suffer no prejudice "completely ignores that, at present, GREE is precluded from any further discovery regarding Supercell's new theory" including discovery of "Dr. Zagal's purported experiences in view and consideration of Supercell's new invalidity contentions." -311 Case, Dkt. No. 186 at 15. GREE argues that although it served a supplemental expert report regarding infringement on January 26, 2021 to address Mr. Friedman's January 8, 2021 supplemental report, "this does not fully cure the prejudice" as GREE "does not have the opportunity to depose Supercell's experts regarding these belated theories that Supercell should have (and could have) disclosed months ago." -310 Case, Dkt. No. 182 at 12. GREE also contends that it is not their behavior that caused the delay in Clan Wars 2 becoming part of the case, but rather Supercell's by not meeting its discovery obligations with respect to supplementing regarding the Clan Wars 2 update. *Id.*

The Court does recognize that GREE would suffer some limited prejudice in the granting of this relief. However, the Court also recognizes that not granting relief to Supercell to respond to GREE's late-added new infringement theory would also cause prejudice. GREE has had the supplementation in question for over three months now. Regardless of any practice of not addressing disputed contentions until the Court's decision regarding whether such contentions are part of the case, GREE has had plenty of time to digest Supercell's response to GREE's own late additions—even if justified—to the case.

### D. Cure by Continuance

Supercell argues that no continuance is needed as a result of Supercell's proposed supplements to its expert reports and amendment to its invalidity contentions as, at the time of filing the motion, trial was nearly two months away. -311 Case Dkt. No. 168 (citing *Image*

*Processing Techs., LLC v. Samsung Elecs. Co.*, No. 2:20-cv-00050-JRG-RSP, Dkt. No. 123, 2020 WL 2499810, at *4 (E.D. Tex. May 14, 2020).

GREE has had Supercell's supplements for several months now. Any prejudice to GREE has since been cured by the delay of the trial, and there is no danger of unfair prejudice in granting these motions.

## IV.    CONCLUSION

After due consideration, the Court finds that all factors regarding amending invalidity contentions and supplementing expert reports weigh in favor of Supercell. Accordingly, the Court **GRANTS** both the Motion re Non-Infringement and Motion re Invalidity. It is therefore **ORDERED** that Supercell has leave to amend the invalidity contentions as found in -311 Case Dkt. No. 168-8 as well as to supplement the expert reports with the New Friedman Report as found in -310 Case, Dkt. No. 165-2 and the New Zagal Report as found in -311 Case, Dkt. No. 168-5.

**SIGNED this 26th day of April, 2021.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE